UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIVA RAMA RAO KOTAPATI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAE YOUNG KIM, *et al.*,<br><br>　　　　Defendants. | CASE NO. C17-118 JCC<br><br>ORDER ON REVIEW OF REFUSAL TO RECUSE |

　　Defendant has filed an "Affidavit of Prejudice Pursuant to Title 28 § 144 Bias or Prejudice of Judge." Dkt. #16. In his Affidavit, Defendant alleges he "has reason to believe that Judge Coughenour is biased and prejudiced against pro se' litigants, insofar I cannot receive a fair trial I am reasonable (*sic*) informed he can favor Creditors as well." *Id.* at 2. It appears that he has reached this conclusion after a review of Judge Coughenour's biography. *Id.* Judge Coughenour has declined to recuse himself (Dkt. #19) and the matter has been referred to this Court in accordance with our Local Rules. LCR 3(e).

　　This Court concurs with Judge Coughenour: "Conclusory statements about how Defendant perceives Judge Coughenour are not sufficient." *Id.* at 1. Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). But there must be a reasonable basis upon which to question a judge's ability to be impartial. Defendant has provided no evidence of bias or prejudice on the part of the presiding judge, and therefore the judge is not required to recuse himself. Likewise, this Court finds no evidence upon which to reasonably question Judge Coughenour's impartiality and therefore AFFIRMS his denial of Defendant's request that he recuse himself.

The Clerk SHALL provide copies of this order to all counsel of record and to Defendant.

Dated this 2nd day of March, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON REVIEW OF REFUSAL TO RECUSE- 2