UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIVA RAMA RAO KOTAPATI,<br><br>Plaintiff,<br><br>v.<br><br>HAE YOUNG KIM, et al.,<br><br>Defendants. | CASE NO. C17-118 JCC<br><br>ORDER ON MOTION FOR RECONSIDERATION |

On February 9, 2017, Defendant filed an "Affidavit of Prejudice Pursuant to Title 28 § 144 Bias or Prejudice of Judge." Dkt. #16. In it, Defendant alleged that he "has reason to believe that Judge Coughenour is biased and prejudiced against pro se' litigants, insofar I cannot receive a fair trial I am reasonable (*sic*) informed he can favor Creditors as well." *Id.* at 2. It appeared that he had come to this conclusion after a review of Judge Coughenour's biography. *Id.* Judge Coughenour declined to recuse himself (Dkt. #19) and this Court, concurring with Judge Coughenour's observation that "[c]onclusory statements about how Defendant perceives Judge Coughenour are not sufficient" (*id.* at 1), affirmed the refusal to recuse. Dkt. #22. Defendant has now filed a request that the Court reconsider that order.

Under Local Rule 7(h),

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Defendant alleges a "manifest error" in the ruling upholding the presiding judge's refusal to recuse himself.  He quotes 28 U.S.C. § 144 to the effect that "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists" in support of his contention that his <u>belief</u> that Judge Coughenour is biased or prejudiced is sufficient to merit recusal.

Defendant is mistaken.  The section he quotes clearly states that his belief must be based on "facts and reasons," which he failed to provide in support of his request.  He is further mistaken in his assertion that motions to recuse in federal court are "similar to state law affidavits of prejudice RCW 4.12.050 which gives a party a one-time chance before trial to replace a Judge."  Dkt. #23 at 2.  Federal court recusal procedures differ from those of the Washington state courts in that a federal litigant must come forward with "facts and reasons" to support a recusal motion or it will be denied.

The Court's prior ruling contains no manifest error.  Defendant's motion for recusal was properly denied, and his motion for reconsideration (Dkt. #23) is likewise DENIED.

The Clerk shall provide copies of this Order to Plaintiff and all counsel of record.

Dated this 10th day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE